BOARD OF NATIONAL MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, Plaintiff and Appellant, *v.* SANTIAGO R. ROBLES and THE TREASURER OF PUERTO RICO, HON. R. SANCHO BONET, Defendants and Appellees.

No. 8041. Argued January 15, 1941.—Decided March 13, 1941.

224

*José Sabater* and *José Oliver Sabater,* for appellant; *George A. Malcolm, Attorney General of Puerto Rico,* and *C. H. Juliá, Assistant Attorney General,* for the treasurer, appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The Board of National Missions of the Presbyterian Church in the United States of America brought an action in the District Court of Aguadilla against Santiago R. Robles and the Treasurer of Puerto Rico in which it prayed for a judgment holding that a certain house located in the city of Aguadilla which belonged to it was and is exempt from the levying and payment of taxes, due to the fact that it is dedicated to religious services, and that as a consequence, the attachment and sale of said house for taxes was null and void; that the defendant Robles should receive the amount deposited for taxes, surcharges and interest and in turn should deliver the certificate of sale issued by the other defendant, The Treasurer of Puerto Rico. The judgment prayed for should also provide that the Treasurer return the amount deposited, $130.06, with interest, in accordance with Act No. 8, of 1927, p. 122, concerning the payment of taxes under protest.

The defendant Robles did not answer and his default was duly recorded. The other defendant, the Treasurer of Puerto Rico, filed a demurrer to the complaint on September 4, 1936, alleging that the complaint did not state facts sufficient to constitute a cause of action.

At this stage of the proceedings, the plaintiff filed, in May, 1938, a motion entitled "concerning the postponement of this case", alleging that an act had been approved providing for the cancellation of certain receipts for taxes illegally levied on church buildings belonging to religious institutions, and requesting that the case be postponed and the sum of $130.06 which it had deposited in the Clerk's office be returned to it, the Treasurer to be ordered to decide himself what should be done with respect to the defendant Robles.

The court by an order of May 19, 1938, decreed the postponement of the case and the return of the deposit.

The defendant treasurer opposed the motion, alleging in substance that the statute relied upon by the plaintiff was not applicable. His opposition was filed a day after the motion had been decided, but the decision was set aside at the instance of the plaintiff itself.

Some time afterwards the district court rendered a decision which reads in part as follows:

"The complaint in the present case alleges that on March 20, 1936, the Collector of Internal Revenue of Aguadilla, acting under orders of the defendant, the Treasurer of Puerto Rico, sold at public auction and adjudicated to the codefendant Santiago R. Robles, a house situated on José de Diego Street of this city, which belonged to the plaintiff; that said sale was carried out in order to levy and collect taxes, surcharges and costs which the defendant Treasurer alleges the plaintiff owed to the amount of $123.48, and that by virtue of a decision of the Board of Review and Equalization, dated February 8, 1934, said property was exempted from the payment of taxes, because it was dedicated to religious services, in spite of which the defendant, the Treasurer of Puerto Rico, ordered that the above mentioned house be attached and sold, as it was in effect sold and adjudicated to the codefendant Santiago R. Robles.

"The defendant, Treasurer of Puerto Rico, filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. In his brief, after invoking Act No. 8 of April 19, 1927, he argues that in the case at bar it does not appear that the plaintiff has paid under protest any amount to the Treasurer of Puerto Rico; that if its right not to pay was clear, the plaintiff could have prevented the collection, availing himself of the remedy of injunction; that the fact that the tax was illegal does not justify his failure to pay under protest; that the present action is in truth one against the People of Puerto Rico concerning an alleged nullity of proceedings and the People not having given its consent to be sued, the action does not lie. And lastly he alleges that as there does not appear from the face of the complaint that the requirement of the payment of taxes under protest in the manner established by law was complied with, the complaint does not allege facts sufficient to establish a cause of action.

"On the other hand, the plaintiff asserts in its brief that as the property in question has been exempted from the payment of taxes by the Board of Review and Equalization, the defendant Treasurer of Puerto Rico performed an *ultra vires* act not within his faculties and powers, and that the case does not have to do with a taxpayer who thinks that he should not pay a tax or part of it.

"   .

"With respect to the Treasurer of Puerto Rico the complaint has as its sole objective the return of the amount deposited under protest, at the disposal of the codefendant Santiago R. Robles, with the condition that the latter surrender the purchase certificate issued to him by the Treasurer of Puerto Rico.

"The first section of the act invoked by the plaintiff provides that when a taxpayer believes that he should not pay any tax or part of it, he shall be compelled nevertheless to pay it in its totallity, when requested to do so by the Collector of Internal Revenue of his district or by the official charged with the collection, and if he wishes to establish any claim, when he makes the payment he shall request said collector or official to set out his protest on the back of the receipt, stating specifically that the protest has to do with the entirety or with part of the tax, which has been paid under protest, and indicating the precise amount object of the protest. Said note must be signed by the taxpayer and by the collector, or official charged with the collection.

"   .

"The remedy established by said statute is exclusive and the rule is well established that taxpayers, in the exercise of the rights granted to them by statutes similar to the one involved in this case, must follow strictly their provisions.

"The payment under protest, in the manner established by law, is the only procedure which will give the taxpayer the right to have the tax thus paid returned.

"The demurrer filed by the codefendant Treasurer of Puerto Rico is granted, because the complaint in this case does not allege facts sufficient to establish a cause of action."

In order to appeal from the same, the plaintiff moved that the order be entered as a judgment. This was done and the appeal having been filed, the record was brought to this Court.

Only one error is charged committed, according to the appellant, by the lower court when it decided the demurrer filed by the defendant Treasurer in a manner contrary to the law and the facts.

Accepting as a basis the truth of the facts alleged in the complaint, we find that we are concerned with a case of a tax sale in distraint proceedings to collect taxes on a house.

The sale took place on March 20, 1936. The owner of the house that was sold—the plaintiff—did not pay the taxes under protest nor tried to prevent the collection thereof through an injunction. When notified of the sale it did not exercise the right of redemption. It filed this suit in the manner aforesaid.

To bring the case to the real issue we must set aside Act No. 8 of 1927, (page 122,) which the plaintiff cites in support of its action. Said Act provides the procedure for the payment of taxes under protest and here the plaintiff made no payment at all of any tax, whether under protest or not. It has, therefore, no right to claim the return of any tax payment.

Does it have the right to request the nullity of the sale? Let us see.

■ The house that was sold belonged to a religious corporation and was devoted to religious services. On February 8, 1934, the Department of Finance, Bureau of the Board of Review and Equalization, notified its owner, in deciding an administrative appeal brought by the same, that the house was exempt from taxation.

The law in force, when the sale took place, was Section 291 of the Political Code, as amended by Act No. 12 of August 23, 1933, page 72 (First Special Session of 1933). It provides:

"Section 291.—The following property shall be exempted from taxation:

" .           .           .           .           .           .           .

"Every building used and set apart exclusively for religious worship, as well as parish houses used exclusively as dwellings of priests, ministers, or clergymen in general who officiate in the corresponding parishes and churches, and where they constantly live, provided said parish houses belong to the respective order or institution and are situated in the same municipality to which the church belongs, including the pews, seats, and furniture within the same..."

Could the house aforesaid be validly sold to collect taxes being as it was exempted by law and by order of the Board of Review and Equalization from the payment of the same?

■ In our judgment it could not be. The effected sale is null and void and the defendant, Robles, acquired no title therefrom; and therefore, there is a cause of action, although it is stated in a confusing and deficient manner, by the party plaintiff—the owner—to request that the nullity be adjudged with the consequent legal effects.

■ Against whom should judgment be entered? Against Robles, no doubt, and also against the vendor Treasurer who acted without any authority. The obligations which the Treasurer may have towards Robles and the rights that Robles may have against the Treasurer are not involved in this suit.

Summarizing, we will say that no cause of action arises from the complaint against the Treasurer as to the return of taxes, but there does arise a cause of action on the part of the plaintiff against both defendants to have the sale of its property made in favor of the first defendant in the distraint proceeding followed by the second defendant against the plaintiff, adjudged null and void and in consequence, the judgment appealed from must be reversed and the case remanded for further proceedings, and the plaintiff must be granted leave to amend its complaint limiting it and at the same time drawing it according to the law and what has been pointed out in this opinion.

Mr. Justice Todd, Jr., took no part in the decision of this case.